OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Carpenter.
[Cite as Disciplinary Counsel v. Carpenter (1993),      Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Permanent disbarment --
     Conviction for bank fraud -- Conviction for theft in
     office -- Conviction for grand theft -- Conviction for
     aggravated theft.
     (No. 93-1303 -- Submitted September 21, 1993 -- Decided
December 29, 1993.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 91-33.
     In a six-count complaint filed on October 11, 1991, the
Office of Disciplinary Counsel, relator, charged respondent,
James P. Carpenter III, of Johnstown, Ohio, Attorney
Registration No. 0009769, with the following misconduct:
     (1) five violations of DR 1-102(A)(3) (engaging in illegal
conduct involving moral turpitude);
     (2) five violations of DR 1-102(A)(4) (engaging in conduct
involving dishonesty, fraud, deceit, or misrepresentation);
     (3) two violations of DR 1-102(A)(5) (engaging in conduct
that is prejudicial to the administration of justice);
     (4) five violations of DR 1-102(A)(6) (engaging in any
other conduct that adversely reflects on fitness to practice
law);
     (5) two violations of DR 6-101(A)(3) (neglecting a legal
matter entrusted to him);
     (6) one violation of 7-101(A) (failing to represent client
zealously);
     (7) one violation of 7-102(A)(4) (knowingly using perjured
testimony or false evidence);
     (8) one violation of 7-102(A)(6) (participating in the
creation or preservation of evidence when an attorney knows or
it is obvious that the evidence is false); and
     (9) five violations each of DR 9-102(A) and (B)
(preserving identity of funds and property of a client).
     The matter was heard upon stipulations, exhibits and
respondent's deposition by a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court.

## Count I

On March 14, 1990, respondent, acting as the closing agent in a real estate transaction, received $95,000 from Edsel Blackburn. Respondent was to place the money in his escrow account and disburse the funds to Harstine Implement Co., Inc. to complete the purchase of land by Blackburn in Licking County. However, respondent misappropriated the funds, and insufficient funds existed in the account on which checks were written.

Respondent subsequently pled guilty to bank fraud in violation of Section 1344, Title 18, U.S. Code, and received a twelve-month prison sentence and three years of supervised release. Respondent was also ordered to make restitution in the amount of $95,000 to Edsel Blackburn, Heartland Bank, and/or First Knox Bank, and to make restitution of $73,651.45 to the Heartland Bank and/or the Cincinnati Insurance Company.

Respondent admits that he violated DR 1-102(A)(3), (4), and (6), and 9-102(A) and (B).

## Count II

In further dereliction of his performance in the Blackburn transaction described in Count I, respondent, as escrow agent, failed to satisfy and record the deed. Consequently, the parties hired another attorney and suffered additional damage and expense. Complete restitution has been made to Blackburn, Heartland Bank, and First Knox Bank. Respondent admits that he violated DR 6-101(A) and 7-101(A).

## Count III

In January 1990, respondent, as Village Solicitor for Johnstown, Ohio, received $53,500 from the village to purchase real estate from Joseph T. Russo. Respondent was to relinquish an outstanding mortgage to First Federal Savings & Loan Association of $24,095 and, apparently, pay the remainder of the funds to Russo. Respondent failed to pay the mortgage timely, and insufficient funds existed in his escrow account to satisfy the mortgage. Respondent reimbursed Russo for all the accrued principal and interest due as of April 1990, and together with Mid-Ohio Title Agency, fully satisfied the mortgage and obtained its release. Johnstown thereafter obtained a clear and free title to the premises.

Respondent subsequently pled guilty to theft in office under R.C. 2921.41(A)(2). Respondent was sentenced to a determinate term of two years' imprisonment to be served concurrently with his federal sentences and other state sentences. Respondent admits that he violated DR 1-102(A)(3), (4), and (6), and 9-102(A) and (B).

## Count IV

Respondent misappropriated $65,000 from the Betty Barrick Harmon Testamentary Trust, having been appointed its trustee by the Delaware County Probate Court. The trust has been fully reimbursed for all losses.

Respondent subsequently pled guilty to grand theft under R.C. 2913.02 and was sentenced to a determinate term of two years' imprisonment, to run concurrently with the theft in office conviction, and the aggravated theft conviction and the federal sentences. Respondent admits that he violated DR 1-102(A)(3), (4), and (6), and 9-102(A) and (B).

## Count V

On March 26, 1990, respondent, as attorney for defendants James L. Price and others in a suit in Licking County Court of Common Pleas, was ordered to deposit $15,426 into a Heartland Bank trust account. As of June 6, 1990, respondent did not have the funds in the trust account. The funds plus interest were subsequently delivered to the Licking County Common Pleas Court to cover the account.

Respondent admits that he violated DR 9-102(A) and (B), and 1-102(A) (3), (4), (5), and (6).

Count VI

Respondent was executor of the estate of John Bounds, having been appointed by the Licking County Probate Court. On May 20, 1985, he was appointed trustee of the testamentary trust of Bounds. On August 28, 1985, respondent filed a trustee's inventory reporting the receipt of funds from the Bounds estate in the amount of $92,168.66 and real estate valued at $80,508.50. Respondent did not file the trust accounting until October 24, 1989. In that accounting, respondent reported the real estate had been sold for approximately $97,000. Respondent also reported that the trust had $181,013.24 on deposit at Heartland Bank. Respondent never had that amount deposited at Heartland Bank. The Bounds estate has been fully reimbursed for all its losses.

Respondent subsequently pled guilty to aggravated theft under R.C. 2913.02 in the Licking County Court of Common Pleas. Respondent was sentenced to a prison term of not less than five years and no more than fifteen years, to run concurrently with the federal sentences and other state sentences. Respondent admits that he violated DR 1-102(A)(3), (4), (5), and (6), 6-101(A)(3), 7-102(A)(4) and (6), and 9-102(A) and (B).

In total, respondent misappropriated nearly $240,000, which amount bonding companies have paid to parties incurring losses due to respondent's activities. Respondent has repaid only a small portion of this amount to these companies.

On July 31, 1990, respondent agreed to accept a voluntary indefinite suspension from the practice of law and ceased practicing law. On May 29, 1991, this court indefinitely suspended respondent under Gov. Bar R. V.

The chairman of a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court recommended that respondent be indefinitely suspended from the practice of law with no credit for time served because he had cooperated immediately with law enforcement agencies and Disciplinary Counsel. Furthermore, the chairman believed that respondent was genuinely remorseful over his conduct, which appeared to the chairman to be occasioned by financial crisis brought on by respondent's significant health problems. However, the other two members of the panel recommended that respondent be permanently disbarred.

Nevertheless, the board adopted the findings of fact and conclusions of law of the panel, but recommended that respondent be indefinitely suspended from the practice of law with no credit for time served.

Geoffrey Stern, Disciplinary Counsel, and Dianna A. Chesley, Assistant Disciplinary Counsel, for relator.

James P. Carpenter III, pro se.

Per Curiam.  We agree with the findings of fact and conclusions of law of the board but disagree with its recommendation.  We hereby permanently disbar respondent from the practice of law in Ohio and tax costs to him.

                                    Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents and would order that respondent be indefinitely suspended from the practice of law.